UNITED STATES of America, Appellee,

v.

Richard Dale CHAPMAN, Appellant.

No. 9333.

United States Court of Appeals Fourth Circuit.

Argued April 28, 1964.

Decided June 24, 1964.

Duncan W. Daugherty, Huntington, W. Va., for appellant.

George D. Beter, Asst. U. S. Atty. (Carl W. Belcher, Acting U. S. Atty., on brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge.

The appellant was convicted under Title 18, Section 1461 U.S.Code (mailing obscene literature) in the Southern District of West Virginia on December 17, 1963 by the United States District Judge, jury having been waived; and on December 20, 1963 was sentenced under Title 18, Section 4208(b).

2. Spence & Howe Construction Co. v. Gulf Oil Corp., Tex., 365 S.W.2d 631, 637.

On this appeal it is contended:

1. That government exhibits 1, 2 and 3 did not constitute a violation of the statute prohibiting the mailing of obscene, lewd, and lascivious letters.

2. That the signed confession was inadmissible because the postal inspector who arrested the defendant failed to take him before a United States Commissioner without undue delay.

3. That the confession was inadmissible because the defendant had previously identified the same letters and made a similar statement to another postal inspector about two years previously, after being told by that inspector that the statement was obtained for the purpose of breaking up a club and that the defendant had nothing to fear.

It is contended that in order for these letters to constitute a violation of the statute, the combined elements "patent offensiveness" and "prurient interest appeal" must be present. It is here urged that there is no prurient interest appeal evident here.

This contention can be dismissed with brief discussion. Admittedly, the language used in such communications must be dealt with upon an individual basis and each case varies accordingly. No useful purpose would be served by any detailed discussion of the contents of the letters. It is sufficient to say that the language contained in each of them constituted a violation of the statute and the trial judge was correct in so finding.

Coming to the second and third assignments of error, the facts may be briefly stated.

In 1960 the defendant, after being questioned about mailing obscene letters, gave a written statement to a postal inspector in Huntington, West Virginia. That statement was not introduced as evidence at the trial. Approximately two years later in the afternoon of November 8, 1962, the defendant was arrested by a postal inspector at Ft. Lauderdale, Florida. That arrest was based upon information contained in a letter to the inspector at Ft. Lauderdale from an inspector at Huntington, to the effect that there was an outstanding warrant for the arrest of Richard Dale Chapman. The Ft. Lauderdale inspector had in his possession the original three letters, but did not have the actual warrant. After being told he was under arrest, the defendant was taken by the inspector to the local police station, where he remained approximately twenty minutes, during which time he identified and initialed the three original letters and admitted having mailed them. His confession was reduced to writing and signed. Shortly, thereafter, he was taken before the Commissioner, where he was advised of his right to be represented by counsel, which he declined. The total time elapsing between arrest and presentment to the Commissioner was approximately one and one half hours, including time required for the defendant to dress before leaving his home to go to the police station. The defendant acknowledged having given the written confession when it was produced before the Commissioner.

There is no allegation concerning any threats or promises made to the defendant in connection with the second signed confession.

The defendant was 29 years old and needed only eighteen hours towards a college A. B. degree in chemistry. He had served four years in the Air Force. This is not a case involving an ignorant, illiterate defendant. Two years had elapsed since the first statement was signed, during which time the defendant had ample opportunity to consider and reflect upon his situation and to determine upon a course of action if questioned further.

The postal inspector acted properly in obtaining the second signed statement in order that a prima-facie case might be presented to the Commissioner. We find no error related to the second and third assignments.

Affirmed.